IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ANDREW THOMMEN, | Case No. 3:12-cv-01625-SI |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

Merrill Schneider, Schneider Kerr Law Offices, P.O. Box 14490, Portland, OR 97293. Attorney for Plaintiff.

S. Amanda Marshall, United States Attorney, and Adrian L. Brown, Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 S.W. Third Avenue, Suite 600 Portland, OR 97201; Jeffrey E. Staples, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Attorneys for Defendant.

**Michael H. Simon, District Judge.**

On October 29, 2013, this Court reversed and remanded for an award of benefits the

decision of the Commissioner of the Social Security Administration ("Commissioner") denying

the application of Plaintiff Andrew Thommen ("Thommen") for Disability Insurance Benefits

("DIB") and Supplemental Security Income ("SSI"). Dkt. 23. Thommen now moves this Court

for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, *et*

PAGE 1 – OPINION AND ORDER

*seq.* Dkt. 25. The Commissioner contests Thommen's motion and argues that the Commissioner's position was substantially justified. Dkt. 27. For the reasons discussed below, the Court grants Thommen's motion and awards fees in the amount of $3,255.84.

## STANDARDS

The EAJA authorizes the payment of attorney's fees to a prevailing party in an action against the United States, unless the government shows that its position in the underlying litigation "was substantially justified." 28 U.S.C. § 2412(d)(1)(A). Although the EAJA creates a presumption that fees will be awarded to a prevailing party, Congress did not intend fee shifting to be mandatory. *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). The decision to deny EAJA attorney's fees is within the discretion of the court. *Id.*; *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002). A social security claimant is the "prevailing party" following a sentence-four remand pursuant to 42 U.S.C. § 405(g) either for further administrative proceedings or for the payment of benefits. *Flores*, 49 F.3d at 567-68 (citing *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993)).

A court applies a reasonableness standard in determining whether the government's position was substantially justified. *Flores*, 49 F.3d at 569. "The government has the burden of proving its positions were substantially justified." *Hardisty v. Astrue*, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010). It must demonstrate that its position had a reasonable basis in both law and fact. *Flores*, 49 F.3d at 569-70. The reasonableness standard is met if the government's position is "justified in substance or in the main" or "to a degree that could satisfy a reasonable person." *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001) (citation and quotation marks omitted); *Lewis*, 281 F.3d at 1083. The government must justify both the original agency action and its litigation position. *Gutierrez*, 274 F.3d at 1259.

The government's failure to prevail in its position on the underlying issues is not dispositive of the issue of whether the government's position was "substantially justified." *See, e.g.*, *Pierce v. Underwood*, 487 U.S. 552, 569 (1988) ("Conceivably, the Government could take a position that is not substantially justified, yet win; even more likely, it could take a position that is substantially justified, yet lose."). A district court's reversal of the ALJ's decision, however, is a strong indication that the government's defense of that decision was not substantially justified. *See Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) ("Our holding that the agency's decision of [this] case was unsupported by substantial evidence is therefore a strong indication that the position of the United States in this matter was not substantially justified. Indeed, it will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.") (quotation marks omitted).

Under the EAJA, if the government's position is not substantially justified, the court has discretion to determine whether the requested fees are reasonable. *See Comm'r, INS v. Jean*, 496 U.S. 154, 160-61 (1990) (the court has similar discretion under the EAJA to determine the reasonableness of fees as it does under the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, as described in *Hensley v. Eckerhart*, 461 U.S. 424, 436-37 (1983)); *Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998) (discussing the *Jean* clarification that the *Hensley* analysis applies to EAJA cases). One factor a court must consider in this analysis is the results obtained. *See Atkins*, 154 F.3d at 989 (the results obtained factor of the *Hensley* fee analysis applies to cases under the EAJA). The Ninth Circuit has cautioned that district courts may not

reduce requested fees in social security disability appeals without providing relatively specific

reasons. *Costa v. Comm'r Soc. Sec. Admin.*, 690 F.3d 1132, 1136-37 (9th Cir. 2012).

## DISCUSSION

Thommen seeks attorney's fees in the amount of $3,162.74, which represents 17 hours of

attorney time. Dkts. 25, 25-2. Thommen seeks an additional award of $93.10 for the 0.5 hours of

attorney time spent replying to the Commissioner's objection to Thommen's fee request. Pl.'s

Reply at 3, Dkt. 28. The Commissioner argues that the Court should decline to award fees

because the Commissioner's position was substantially justified. Def.'s Resp. at 2, Dkt. 27. As

the parties are familiar with the facts of this case, the Court only describes them to the extent

necessary.

### A.  Substantially Justified

The Commissioner contends that the Commissioner's position was substantially justified

because it had both a reasonable basis in law and a reasonable basis in fact. The Commissioner

first argues that because the Court found the ALJ's residual functional capacity ("RFC")

formulation was consistent with the medical opinion of Dr. John Vetto, Dkt. 23 at 9, the ALJ was

justified as a matter of law in rejecting Thommen's subjective complaints. The Commissioner's

position reargues the merits of her earlier litigating position. The ALJ's proper inclusion of Dr.

Vetto's medical opinion in determining Thommen's RFC does not diminish the Court's finding

that the ALJ, as a matter of law, improperly evaluated Thommen's testimony and credibility.

Thommen's testimony was consistent with medical evidence in the record, and the ALJ failed to

provide specific, clear and convincing reasons to reject Thommen's testimony. Dkt. 23 at 9-23.

The ALJ's failure to properly evaluate Thommen's credibility rendered both the ALJ's decision

and the Commissioner's defense of that decision without substantial justification.

The Commissioner next contends that her position had a reasonable basis in fact because the ALJ found that there was an "inconsistency between [Thommen's] testimony and relevant medical evidence," and thus the ALJ had a reasonable basis for making an adverse credibility finding. Def.'s Resp. at 3, Dkt. 27. The Court found, however, that Thommen's symptom testimony was supported by the limited use of his right arm and shoulder in the course of completing daily activities, and the relevant medical opinions in the record. Dkt. 23 at 12-16. The Commissioner contends that Dr. Vetto's opinion that Thommen could put his shoulder "in by himself with minimal effort at this point; it appears to go in and out of the capsule freely" provided factual support for the Commissioner's position that Thommen was not disabled. AR 649. Dr. Vetto's report, however, did not comment on whether Thommen's right shoulder dislocation was painless or how it would affect his daily activities.

The Commissioner's extrapolation of this one portion of Dr. Vetto's medical opinion to indicate that Thommen was not credible was not supported by substantial evidence. *See* Dkt. 23 at 18. Thommen's daily activities did not "contradict [his] claims of totally debilitating impairment," *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012). Even if there was no objective medical evidence supporting Thommen's symptom testimony, the ALJ's decision to discredit Thommen's testimony would be erroneous. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). In this case, the medical evidence corroborated Thommen's symptom testimony. Therefore, the ALJ was not substantially justified in making a nondisability finding, and the Commissioner's defense of that decision lacked substantial justification.

**B.  The Amount of Fees and Costs**

The United States Supreme Court has set out a two-step process for analyzing a fee award when a plaintiff succeeds on only some contentions raised in the underlying lawsuit.

*Hensley*, 461 U.S. at 434[1]; *see also Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001). The first step is to consider whether the plaintiff failed to prevail on claims that were unrelated to the claims on which the plaintiff succeeded. *Hensley*, 461 U.S. at 434. Claims are "unrelated" if they are "entirely distinct and separate from the claims on which the plaintiff prevailed." *Mink*, 239 F.3d at 1147 (citation and quotation marks omitted); *see also Hensley*, 461 U.S. at 434, 440 (unrelated claims are "distinctly different claims for relief that are based on different facts and legal theories" and are "distinct in all respects from [the] successful claims"). Hours expended on unrelated, unsuccessful claims should not be included in the fee award. *Hensley*, 461 U.S. at 440; *Mink*, 239 F.3d at 1147.

The second step of the *Hensley* analysis is to consider whether the "plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." *Hensley*, 461 U.S. at 434. A district court "should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 435. "Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. . . . In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *Id.* A plaintiff "who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised," but where a plaintiff "achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained." *Id.* at 440. There is no rule or mathematical formula for making these determinations and it is left to the district court's discretion, exercised in light of the considerations identified by the Supreme Court. *Id.* at 436-37. The district court must provide a

---

[1] As noted above, the Supreme Court in *Jean* applied the *Hensley* analysis to fee determinations under the EAJA. *Jean*, 496 U.S. at 160-63.

"concise but clear explanation of its reasons for the fee award" and "should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained." *Id.* at 437.

Here, Thommen asserted a single claim for relief arising out of a set of common facts, the denial of his application for DIB and SSI. As such, much of the attorney time was "devoted generally to the litigation as a whole," the hours cannot be divided "on a claim-by-claim basis," and "the lawsuit cannot be viewed as a series of discrete claims." *Hensley*, 461 U.S. at 435. Thus, the first step of the *Hensley* analysis does not support reducing the fee award.

With regard to the second step of the *Hensley* analysis, this Court must determine whether Thommen achieved "substantial relief" as opposed to "limited success." If Thommen achieved only "limited success," then this Court must compare the relief obtained "to the scope of the litigation as a whole" and "award only that amount of fees that is reasonable in relation to the results obtained." *Hensley*, 461 U.S. at 435, 440. The Court found that that the ALJ committed a significant error in failing to credit Thommen's symptom testimony and the supporting medical evidence. As a result, the ALJ's decision was reversed and the case was remanded for an award of benefits. The degree of success obtained in this case is substantial because, by properly crediting Thommen's testimony, Thommen was entitled to an immediate award of benefits.

Therefore, the Court awards Thommen the full request for attorney's fees in the amount of $3,255.84 pursuant to 28 U.S.C. § 2412(d).

## CONCLUSION

Thommen's fee application is **GRANTED**. Dkt. 25. Thommen is awarded $3,255.84 for attorney's fees pursuant to 28 U.S.C. § 2412(d). EAJA fees, expenses, and costs are subject to any offset allowed under the Treasury Offset Program, as discussed in *Astrue v. Ratliff*, --- U.S.--

PAGE 7 – OPINION AND ORDER

-, 130 S. Ct. 2521 (2010). Thommen has filed a signed assignment requesting that the attorney's

fees be paid directly to his counsel; the Commissioner shall honor the assignment. Dkt. 26.

   **IT IS SO ORDERED**.

   DATED this 25th day of March, 2014.

/s/ Michael H. Simon

Michael H. Simon
United States District Judge
