IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ANDREW THOMMEN**,

       Plaintiff,

   v.

**CAROLYN W. COLVIN**,
Acting Commissioner of Social Security,

       Defendant.

Case No. 3:12-cv-01625-SI

**OPINION AND ORDER**

Merrill Schneider, SCHNEIDER KERR LAW OFFICES, P.O. Box 14490, Portland, OR 97293. Of Attorneys for Plaintiff.

S. Amanda Marshall, United States Attorney, and Adrian L. Brown, Assistant United States Attorney, United States Attorney's Office, District of Oregon, 1000 S.W. Third Avenue, Suite 600 Portland, OR 97201; Jeffrey E. Staples, Special Assistant United States Attorney, Office of the General Counsel, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

      On October 29, 2013, this Court reversed and remanded for an award of benefits the decision of the Commissioner of the Social Security Administration ("Commissioner") denying the application of Plaintiff Andrew Thommen ("Thommen") for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Dkt. 23. On March 24, 2014, the Court

PAGE 1 – OPINION AND ORDER

-
-

granted Thommen's unopposed application for attorney's fees pursuant to the Equal Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $3,255.84.

Plaintiff's counsel now moves for attorney's fees of $15,300 pursuant to 42 U.S.C. § 406(b). Dkt. 30. Although defendant does not object to the proposed award, this court must perform an independent review to ensure that the award is reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). For the following reasons, the Court grants plaintiff's counsel's motion for fees.

## STANDARDS

Under 42 U.S.C. § 406(b), a court entering judgment in favor of a social security disability insurance claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009). Counsel requesting the fee bears the burden to establish the reasonableness of the requested fee. *Gisbrecht*, 535 U.S. at 807. The attorney's fee award is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment. *Gisbrecht*, 535 U.S. at 802.

A court reviewing a request for attorney's fees under § 406(b) "must respect 'the primacy of lawful attorney-client fee agreements,' 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). Routine approval of fees pursuant to a contingency fee agreement calling for the statutory maximum is, however, disfavored. *See Fintics v. Colvin*, 2013 WL 5524691, at *2 (D. Or. Oct. 2, 2013). Contingent fee agreements that fail to "yield reasonable results in particular cases" may be rejected. *Gisbrecht*, 535 U.S. at 807. There is no definitive list of factors for determining the reasonableness of the requested attorney's fees, but courts may consider the character of the

PAGE 2 – OPINION AND ORDER

representation, the results achieved, whether there was delay attributable to the attorney seeking the fee, and whether the fee is in proportion to the time spent on the case (to avoid a windfall to attorneys). *See id.* at 808; *Crawford*, 586 F.3d at 1151-52. Although the Supreme Court has instructed against using the lodestar method to calculate fees, a court may "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Crawford*, 586 F.3d at 1148; *see also Gisbrecht*, 535 U.S. at 808 (noting that courts may consider counsel's record of hours spent representing claimant and counsel's normal hourly billing rate for non-contingency work as an aid in considering reasonableness of requested fees).

## DISCUSSION

As prescribed by *Gisbrecht* and *Crawford*, the Court begins its analysis by reviewing the contingency fee agreement executed by Thommen and his counsel. Pl.'s Attach. 2, Dkt. 30-2 at 1. Thommen agreed to pay attorney's fees not to exceed 25 percent of the back benefit awarded. Here, Thommen was awarded approximately $81,438 in past due benefit. The requested fee of $15,300 is under 25 percent of awarded past due benefits and is within the statutory maximum.

The Court next considers the appropriate factors to determine whether a downward adjustment is necessary in this case, and finds that no downward adjustment is warranted. Thommen's counsel achieved outstanding results for Thommen (remand for an award of benefits), the representation of Thommen was professional, there was no significant delay attributable to Thommen's counsel, and the fee was in proportion to the time spent on the case and would not result in a windfall to Thommen's counsel. Thommen's attorney spent 17 hours on the case. Pl.'s Timesheet Attach., Dkt. 25-2 at 1. The effective hourly rate for the requested fee is, therefore, approximately $900, which is below effective hourly rates that have been approved in this district. *See, e.g.*, *Quinnin v. Colvin*, 2013 WL 5786988, at *4 (D. Or. Oct. 28,

PAGE 3 – OPINION AND ORDER

2013) (approving de facto hourly rate of $1,240 for attorney time); *Ali v. Comm'r*, 2013 WL 3819867, at *3 (D. Or. July 21, 2013) (approving de facto hourly rate of $1,000); *Breedlove v. Astrue*, 2011 WL 2531174, at *7-9 (D. Or. June 24, 2011).

## CONCLUSION

The Court GRANTS Plaintiff's counsel's motion for attorney's fees pursuant to 42 U.S.C. 406(b). Dkt. 30. Plaintiff's counsel is entitled to $15,300 in § 406(b) fees, representing less than 25 percent of Plaintiff's retroactive benefits recovery. When issuing the § 406 payment to Plaintiff's counsel, the Commissioner is directed to subtract the $3,255.84 previously awarded under the EAJA and send Plaintiff's counsel the balance of $12,044.16, less any applicable assessment as allowed by statute. After all administrative and attorney's fees are paid, the Commissioner is directed to release to Thommen any amount withheld, including the $3,225.84 fee allowed pursuant to the EAJA.

**IT IS SO ORDERED**.

DATED this 11th day of July, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge

PAGE 4 – OPINION AND ORDER